UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUSSAIN D. VAHIDALLAH,<br><br>Plaintiff,<br><br>v.<br><br>FARMERS INSURANCE,<br><br>Defendant. | Case No.: 3:19-cv-533-BTM-RBB<br><br>**ORDER GRANTING IFP MOTION, DISMISSING FIRST AMENDED COMPLAINT, AND DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**[ECF Nos. 4, 5, 6]** |

Before the Court is Plaintiff Vahidallah's First Amended Complaint (FAC), Motion for Leave to Proceed in forma pauperis (IFP), Motion for Appointment of Counsel, and Ex-Parte Communication. (ECF Nos. 4, 5, 6, 7).

**I.     IFP**

Upon review of Plaintiff's affidavit in support of his IFP Motion, the Court finds that Plaintiff has made a sufficient showing of inability to pay the filing fee required to prosecute this action.  Accordingly, the Court **GRANTS** Plaintiff's Motion to proceed IFP.

**II.    Failure To State a Claim**

Although Plaintiff may proceed IFP, the Court **DISMISSES** the FAC for

failure to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii). The FAC is unintelligible and does not appear to state a coherent, plausible claim for relief.

The FAC must be dismissed because it does not establish subject matter jurisdiction. Under a generous interpretation of the pleading, Plaintiff appears to allege civil rights violations arising out of an insurance coverage dispute. But an insurance coverage dispute does not by itself raise federal questions, and because Defendant Farmers Insurance is not a state actor, Plaintiff's passing reference to civil rights does not raise federal questions either. The FAC does not set forth an intelligible basis for its claim to $200,000 in punitive damages, or otherwise allege that the amount in controversy exceeds $75,000. There are also no allegations that Plaintiff and Defendant are citizens of different states. The FAC thus fails to set forth a basis for either federal question jurisdiction or diversity jurisdiction.

Accordingly, the Court dismisses the FAC for failure to state a claim upon which relief may be granted.

### III. Appointment of Counsel

The Court also **DENIES** Plaintiff's Motion for Appointment of Counsel. "There is generally no constitutional right to counsel in civil cases." *United States v. Sardone*, 94 F.3d 1233, 1236 (9th Cir. 1996). However, a court may under "exceptional circumstances" exercise its discretion and "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(d); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). A finding of exceptional circumstances requires the court to consider (1) "the likelihood of success on the merits" and (2) "the ability of the [Plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* "Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Id.* at 1331.

As discussed above, the Court does not have subject matter jurisdiction over the insurance coverage dispute, and Plaintiff is unlikely to succeed on the merits of his claim. The Court declines to exercise discretion and appoint counsel.

## IV. Ex-Parte Communication

Plaintiff submitted a supplemental pleading that is unintelligible. (ECF No. 7). The Court construes it as an ex-parte communication and declines to rule on it as a Motion.

## V. Conclusion

The Court GRANTS the Motion to Proceed IFP and DENIES the Motion for Appointment of Counsel. The Court DISMISSES the FAC without prejudice and with leave to amend. Plaintiff has thirty days from the entry of this order to file a Second Amended Complaint.

IT IS SO ORDERED.

Dated: May 21, 2019

_____
Honorable Barry Ted Moskowitz
United States District Judge